LEONARD BJORNDAL, Plaintiff and Respondent, v. THOMAS LANE and ROBERT LANE, operating under the firm name of Lane Brothers, Defendants and Appellants.

No. 12005.
Submitted May 11, 1971.
Decided July 28, 1971.
Rehearing Denied August 13, 1971.
487 P.2d 527.

Lyman H. Bennett, Jr., argued, Bozeman, for defendants-appellants.

Thomas A. Olson, Landoe and Gary, H. B. Landoe, argued, Bozeman, for plaintiff-respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by Thomas Lane and Robert Lane, operating under the firm name of Lane Bros., from a judgment entered on a jury verdict in the district court of Gallatin County.

The record discloses that Leonard Bjorndal, plaintiff and respondent, hereinafter called respondent, was employed for about four years on a part time basis by the Lane brothers, defendants and appellants, hereinafter called appellants.

This suit arose from an accident which occurred on January 28, 1969, when respondent was operating a hay' chopper at appellants' ranch. The machine had become plugged with hay and in respondent's attempt to remove the hay which was being chopped, his index and middle finger of his right hand were amputated at the first joint.

Bjorndal subsequently filed suit and recovered a verdict in the amount of $10,784.80, plus costs. Appellants sought a new trial which was denied, and this appeal followed.

Appellants present nine issues for review. Issues 1 through 4 relate to instructions given or refused. It is our view that the jury was properly instructed by the court. As we stated in Gunderson v. Brewster, 154 Mont. 405, 410, 466 P.2d 589, 592:

"A trial judge will not be held in error for refusing to give instructions where the subject has been adequately covered by other instructions."

Further, we stated in Lamb v. Page, 153 Mont. 171, 182, 455 P.2d 337, 343:

"It almost goes without saying that where the court has fully and fairly instructed the jury it is not error to refuse requested instructions covered by those actually given."

We have considered the given and refused questioned instructions, together with the other instructions given by the court, and while we do not intend to extensively comment on each of them, we note that the refused instructions, appellants' proposed instructions numbered 8 and 10, were properly refused.

It is clear from the record that in light of given Instructions Nos. 2, 3, 5 and 6 appellants' proposed Instruction No. 8 was redundant and unnecessary and as such its failure to be given was not error. Lamb v. Page, supra.

Appellants' proposed Instruction No. 10 reads as follows:

"You are instructed that the defendants when they placed the plaintiff in full charge of the hay chopping machine which he was to operate had a right to assume and to act on the assumption that if the plaintiff did not understand anything about the machine he would ask for instructions and further had the right to assume and act on the assumption that the plaintiff in his activities would not do any careless or negligent omissions with respect to his own safety, and that failure to anticipate negligence on the part of the plaintiff is not in and of itself negligence on the part of defendants."

This proposed instruction is not a fair statement of the law, but is a comment on the evidence.

As to given Instructions Nos. 22 and 23 relating to determination of damages for permanent injuries and loss of future earnings, appellants contend that since respondent had not claimed any loss of earnings or contemplated loss of earnings that the only injury to the respondent shown by the evidence is pain and suffering.

While it is true that respondent continued working for the appellants subsequent to the accident, the testimony of Dr. Edward Bertagnolli as to the limitation of movement of the remain-

ing portion of respondent's hand and its adverse effect upon the function of the hand itself and its sensitivity, was sufficient to establish potential loss of earning power for a manual laborer, and such had been claimed in the pleadings.

Appellants go on to contend the verdict of the jury was not in accordance with the evidence and that the respondent assumed the risk of injury. It is well settled in this state and as we said in Joseph v. Hustad Corporation, 153 Mont. 121, 126, 454 P.2d 916:

"To sustain a recovery, the evidence relied upon, whether direct or indirect, must be substantial—more than a mere scintilla. * * *

"It is true that where the record presents a conflict in the evidence, resolved by the jury in favor of the plaintiff, the action of the jury precludes this court from disturbing the verdict * * * but this is true only when there is substantial evidence in the record to support the verdict and judgment. * * * Substantial evidence is such as will convince reasonable men and on which such men may not reasonably differ as to whether it establishes the plaintiff's case, and, if all reasonable men must conclude that the evidence does not establish such case, then it is not substantial evidence."

In this case a review of the record discloses that the evidence was substantial and supported the verdict of the jury. No issues of law were present. While the facts were in some conflict, they were resolved by the verdict of the jury in favor of respondent.

As to the assumption of risk, a fair reading of the testimony indicates that respondent did not realize the dangerous propensities of the machine in question. This is borne out by appellants' submission of their proposed Instruction No. 10, heretofore set forth, in which they stressed their right to assume the knowledge of respondent.

Appellants further assert that the jury verdict was excessive in view of the minimal medical expenses incurred by respondent and minimal time of disability. The determination of loss of future and potential earnings of necessity requires a con-

sideration of respondent's future circumstances, not his present situation.

Respondent is a right-handed manual laborer whose strength, agility, and general capacity for manual labor was found by the jury to be impaired. Upon the evidence presented in the record, referring here to Dr. Bertagnolli's testimony, we cannot say such a finding was based upon passion and prejudice.

For these reasons the district court was correct in denying appellants' motion for a new trial.

The judgment is affirmed.

MR. JUSTICES JOHN C. HARRISON, CASTLES, DALY, and HASWELL, concur.